Case 2:13-cv-01131-GW-FFM. #:Document 5 01 Filed 01/11/13 8 Page 1 of 6 Page ID
Case 4:13-cv-00060 -Doc. #: 1-4 Filed 01/15/13 Page 8 of 19 PageID #: 22
#:169

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

BRIAN REEVES,                              )
                                           )
            Plaintiff,                     )       Cause No.
                                           )
v.                                         )       Division No.
                                           )
KIA MOTORS AMERICA, INC.                   )
                                           )
SERVE:                                     )
        CT Corporation                     )
        120 South Central Ave.             )
        St. Louis, MO 63105                )
                                           )
                                           )
                                           )
            Defendant.                     )
                                           )

## CLASS ACTION PETITION

COMES NOW Plaintiff, Brian Reeves in his personal capacity and on behalf of all others

similarly situated, and for his cause of action pursuant to the Missouri Merchandising Practices

Act, V.A.M.S. § 407.010 *et seq.* ("MMPA") against Defendant Kia Motors America, Inc.

("Kia"), states and alleges as follows:

## PARTIES AND NATURE OF ACTION

1.      Plaintiff Brian Reeves is and was at all times herein mentioned a resident and

citizen of the State of Missouri, residing in the City of St. Louis.

2.      Defendant Kia is a corporation organized under law, doing business in the State of

Missouri, with its principal place of business in the State of California.

Case 2:13-cv-01131-GW-FFM  #:Document 5  Filed 01/11/13  Page 2 of 6  Page ID
Case 4:13-cv-00060-Doc. #: 1-4  Filed: 01/15/13  Page: 9 of 18 PageID #: 23
#:170

3.      Subject matter jurisdiction and venue are proper in St. Louis County in that Plaintiff has claimed damages exceeding the jurisdictional minimum and the events giving rise to this suit and Plaintiff's injuries occurred within St. Louis County, State of Missouri.

4.      During all relevant times herein, Defendant was in the business of manufacturing and selling and/or advertising for sale automobiles in trade or commerce within the State of Missouri.

## GENERAL ALLEGATIONS

5.      On or about June 9, 2012, Plaintiff visited the Suntrup Kia dealership located in St. Louis County, Missouri, for the purpose of purchasing a 2012 Kia Soul.

6.      Plaintiff was in the market for an economy car that had better than average fuel efficiency.

7.      Plaintiff reviewed the "Miles per Gallon" disclaimer attached to the window of the 2012 Kia Soul Automatic 2.0 Liter that he was interested in, which stated that the fuel efficiency for that particular make and model was 26 miles per gallon for city driving and 34 miles per gallon for highway driving.

8.      Plaintiff did purchase a 2012 Kia Soul Automatic 2.0 Liter, VIN# KNDJT2A63C7473378 on June 9, 2012 for $18,995.00.

9.      Defendant manufactured the 2012 Kia Soul that Plaintiff purchased.

10.     Defendant did advertise and represent, through various internet, radio and television advertisements as well as the mileage rating disclosure attached to the vehicle's window that the Kia Soul Plaintiff purchased had a mileage rating of 26 miles per gallon for city driving and 34 miles per gallon for highway driving.

Case 2:13-cv-01131-GW-FFM #: Document 501/Filed 01/11/13 Page 3 of 6 Page ID
Case: 4:13-cv-00060 Doc. #: 1-4 Filed: 01/11/13 Page: 10 of 14 PageID #: 94
#:171

11. Following complaints from Kia owners that they were not seeing gas mileage near the stated mileage ratings, the Environmental Protection Agency ("EPA") conducted an audit of the Kia's mileage ratings. The results of the EPA audit were released to the general public on or about November 1, 2012.

12. The EPA audit found that the gas mileage for many Kia models were lower than Kia had represented. Specifically, the audit found that mileage ratings were lower than previously represented for the following models:

(a) Optima;

(b) Rio;

(c) Sorento;

(d) Soul and Soul ECO; and

(e) Sportage.

13. With respect to the particular Kia Soul that Plaintiff purchase, the mileage ratings were actually 23 miles per gallon for city driving and 28 miles per gallon for highway driving.

14. Plaintiff relied on Defendant's false mileage ratings when purchasing the Kia Soul.

15. Plaintiff has been damaged by Defendant's false representation regarding mileage ratings on their automobiles.

## CLASS ACTION ALLEGATIONS

16. Pursuant to the MMPA, V.A.M.S. §407.025, and Missouri Rule of Civil Procedure 52.08, Plaintiff brings this action on behalf of himself and a Class defined as:

> *All Missouri citizens who purchased a 2011, 2012 or 2013 Kia automobile that had inaccurate and misstated mileage ratings at the time of the purchase.*

17.    Excluded from the Class is Defendant, their respective parent, affiliated or subsidiary corporations, their officers, directors, trustees, and employees, and any Judge assigned to this case, as well as his or her immediate family.

18.    The Class is so numerous that joinder of all members is impracticable. Plaintiff does not know the exact number of Class members because that information is in the custody and control of third parties and Defendant, but on information and belief, the number is in the thousands.

19.    There are questions of law and fact common to the Class. Each Class member has been subject to the same course of conduct by Defendant and has suffered harm as a result of Defendant's conduct. These common questions include:

A.    Whether Defendant has advertised and represented an inaccurate mileage rating and as a result Plaintiff and the Class purchased Defendant's products upon false and misleading information;

B.    Whether Defendant's representation of an inaccurate mileage rating constitutes as unfair practice or the concealment, suppression, or omission of a material fact in violation of the MMPA, V.A.M.S. §407.020; and

C.    Whether the unfair and deceptive acts and practices of Defendant as alleged herein render them responsible to Plaintiff and the Class for damages, including punitive damages, attorneys fees and injunctive relief pursuant to the MMPA, V.A.M.S. §407.025.

20.    Defendants' conduct affected Plaintiff personally, but by its nature has also injured other similarly situated individuals who have purchased Defendant's automobiles.

26. Plaintiff has retained experienced and competent Class counsel.

27. There are no unusual difficulties likely to be encountered in the management of this case as a class action. There are no other pending class actions regarding these issues. A class action is the only feasible method by which this controversy may be resolved.

## CLAIM FOR RELIEF

### Missouri Merchandising Practices Act, V.A.M.S. §407.010 *et seq.*

28. Plaintiff incorporates by references the preceding paragraphs.

29. By advertising and representing inaccurate mileage ratings, Defendant has violated the MMPA, V.A.M.S. §407.020, which prohibits the use or employment of an unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce, in or from the State of Missouri.

30. Plaintiff and the Class purchased Kia automobiles primarily for personal, family, or household purposes and thereby suffered an ascertainable loss of money or property as a result of Defendants' unfair and deceptive sales practices.

31. Under the MMPA, V.A.M.S. § 407.025, Plaintiff and the Class are entitled to an injunction preventing Defendant from continuing to engage in these unfair and deceptive practices.

32. Under the MMPA, V.A.M. S. §407.025, Plaintiff and the Class are entitled to damages, including punitive damages and attorneys' fees, for the injuries they have suffered as a result of Defendant's unfair and deceptive sales practices.

## EQUITABLE TOLLING AND STATUTES OF LIMITATIONS

33. Any applicable statutes of limitations have been tolled by Defendant's unlawful and deceptive sales practices. Defendant has concealed from Plaintiff and the Class the true

Case 2:13-cv-01131-GW-FFM #: Document 501 Filed 01/11/13 Page 6 of 6 Page ID
Case: 4:13-cv-00060 Doc. #: 1-4 Filed: 01/11/13 Page: 13 of 14 PageID #:27
#:174

mileage ratings for their automobiles, thereby tolling the running of any applicable statutes of limitations.

**JURY DEMAND**

34.    Plaintiff respectfully demands a trial by jury.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A.    Certify the Class, consisting of all Missouri citizens who purchased a 2011, 2012 or 2013 Kia automobile that had inaccurate and misstated Miles Per Gallon mileage ratings at the time of the purchase and appoint Plaintiff and his counsel to represent the Class;

B.    Award damages in an amount to be determined at trial including all consequential and punitive damages;

C.    Aware pre- and post-judgment interest;

D.    Award Plaintiff his reasonable attorney's fees, costs and expenses; and

E.    Award such other relief as the Court deems equitable and just

THE FURNISS LAW FIRM, LLC

Ryan M. Furniss #53787
1509 Washington Avenue, Suite 660
St. Louis, Missouri 63103
(314) 914-2522
(314) 454-1125 (facsimile)

rfurniss@furnisslaw.com

GROWE EISEN KARLEN

JASON A. CHARPENTIER #52840
7733 Forsyth, Suite 325
St. Louis, Missouri 63105
(314) 721-1228
(314) 261-7326 (facsimile)
Jason@groweeisen.com

Attorneys for Plaintiff